IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES R. ENGLE, )
 )
        Petitioner, )
 )
v. ) 1:14CV396
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a former federal prisoner, submitted an application for habeas corpus, purportedly under 28 U.S.C. § 2241, along with the $5.00 filing fee. Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. This Petition does not present such a claim, but instead challenges the validity of Petitioner's criminal convictions in the Eastern District of Virginia in United States v. Engle, No. 2:10-cr-00089-1 (E.D.Va.).

Relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Although the so-called "savings clause" of § 2255 provides that limited option for such relief under

§ 2241, § 2255 is not inadequate or ineffective merely because an individual cannot obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)).[1] Instead, before his claim can be heard under § 2241, Petitioner must also show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. Jones, 226 F.3d at 333-34.

Petitioner fails to even allege that he satisfies the elements necessary to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. Instead, he simply makes further arguments attacking the validity of his convictions. He also claims to base his arguments on new evidence, but a review of his filing reveals that he relies on information

---

[1] Under the gatekeeping provisions of § 2255

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) & (2).

that he knew, or at least could have known, at the time of his conviction. Petitioner previously filed an unsuccessful motion under § 2255 in the Eastern District of Virginia. Therefore, his current filing actually constitutes a second or successive § 2255 motion which he must file in that district after receiving permission to do so from the United States Court of Appeals for the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* without prejudice to petitioner filing under § 2255 in the Eastern District of Virginia after receiving permission from the Fourth Circuit to file a second or successive § 2255 motion.

IT IS ORDERED that the Clerk return Petitioner's $5.00 filing fee.

This, the 13th day of May, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**